■ MYRON A. EXELBERT, Respondent, v. HYDROPHILICS INTERNATIONAL, INC., Appellant.— Order, Supreme Court, New York County, entered on November 3, 1972, denying defendant-appellant's motion for summary judgment and a severance of its counterclaims is unanimously reversed, on the law, defendant-appellant's motion granted, the complaint dismissed and defendant's counterclaim severed. Appellant shall recover of respondent $60 costs and disbursements of this appeal. The stock-option plan defendant-appellant was

required to adopt under the employment agreement with plaintiff-respondent was one "duly qualified in accordance with the applicable provisions of the Internal Revenue Code". This clear and unambiguous provision, inserted into the agreement at the request of plaintiff-respondent's former counsel, whose draft of the employment agreement became the final contract, for the purpose of granting plaintiff-respondent the beneficial tax consequences incident to such a qualified plan, necessarily measures the extent of defendant-appellant's liability following the termination of plaintiff-respondent's employment at a time prior to the adoption of such a plan. Plaintiff-respondent's contention that he was entitled to a stock option that would be exercisable for five years, notwithstanding the termination of his employment prior to such five-year period, lacks merit. Under the applicable provisions of the Internal Revenue Code, had such a plan been adopted, the plaintiff-respondent's right to exercise his stock option would have been limited to a three-month period following the termination of his employment. During this three-month period plaintiff-respondent was continually offered the right to purchase the optioned stock at the contract price agreed upon. He refused to accept the offer. Having failed to exercise his option and accept all that he would have been entitled to within three months of his retirement, had a plan in fact been adopted during the six-month period of his employment, or the three-month period following his employment, no further claim may validly be asserted against defendant-appellant. (U. S. Code, tit. 26, § 422; *McGraw* v. *First Union Nat. Bancorp,* 19 N.C. App. 21, 198 S.E. 2d 13, 17, 18; *Bethlehem Steel Co.* v. *Turner Constr. Co.,* 2 N Y 2d 456, 460.) Concur — McGivern, P. J., Murphy, Steuer and Capozzoli, JJ.